SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 30 2017
ARTHUR JOHNSTON recieved.
BY_____ DEPUTY

P.1

Dear United States District Court Judge Keith Starrett,

Hello, how are you doing? I'm doing okay for the time being. The court order you made on 10/17/17 that's titled "ORDER TO REDACT AND RESTRICT INTERNET ACCESS TO COMPLAINT" on 10/20/17 around 5:00p.m. When I recieved it two black women MTC employees were presented me & then handed it to me but she didn't open it in my presence because it was already opened when she handed it to me. The court order states that I have to remove the minor's name from the complaint and substitute that name with the minor's initials. It also states that I have to remove the minor's parents' name from the complaint and substitute their names with their initials.

I complained about my current conditions of confinement when Christopher Wilder M.D.O.C. #109725 was still my cellmate. He admitted to me that he forced his nephew to suck his penis in 2004 when his nephew was 5 years old and he didn't take the stand at his trial also the prosecutors in his trial couldn't get a confession out of him and he was claiming to be innocent of that crime by having Sharon O. Henderson File a "Motion For Post-Conviction Collateral Relief" to the Rankin County Circuit Court in Brandon, Mississippi so he could use his medical file to get him into Whitfield the State Hospital if he couldn't get out of prison for just being "innocent" (guilty) because that's what his Motion For a "Post-Conviction Collateral Relief" was about in so many words. I informed the court that he informed me that he was guilty of his 2 sexual battery felonies and 1 gratification of lust felony on 4/13/17 so I wrote the District Attorney of Rankin County, Mississippi in Brandon, Mississippi that he admitted this information to me because that's pure evil.

I'm not a psychologist and I don't pretend to be a psychologist. If he needs to go to Whitfield the State Hospital fine, but I'm not going sit here and just lie to myself and say it's OK for him to admit to me that he forced a 5 year old child to suck his penis in 2004 and lie to everybody by saying he didn't do that in his "Motion For Post-Conviction Collateral Relief" because that's wrong and evil. I don't know what else to say to describe that. I was trapped in a cell with him because the employees that work here didn't care if we exited our cell for dayroom or shower call because they knew that we would get assaulted by the prisoners on this pod/tier. (If we exited our cell for dayroom or showercall) so that forced us to take bird baths for 10 months. Our A.R.P. Requests got denied so we had to file a lawsuit each about our conditions of confinement. He got moved off of the Wilkinson County

p. 2

The court order I recieved on 10/20/17 that's intitled "ORDER TO REDACT AND RESTRICT INTERNET ACCESS TO COMPLAINT" states that I shall file the redacted version in the Court no later than 14 days after the entry of the court order. It also states that the Clerk of Court shall mail pages 10, 13, and 20 of my complaint to me so that I may comply. It then states I shall remove the minor's name and parents' names from these pages and replace them with the appropriate initials. I don't know if the Clerk of the court didn't mail me pages 13 and 20 of my complaint or the employees that work there trashed them since I didn't ~~get the mail~~ have ~~any~~ the court order intitled that's "ORDER TO REDACT AND RESTRICT INTERNET ACCESS TO COMPLAINT" handed to me ~~by an employee~~ without the envelope it came in. ~~The envelope it was~~ and taken out of the envelope it was ~~come back~~ was mailed to me in my during presence so I'm informing you that because I only have pages 10 and 15 from my ~~copy~~ complaint because ~~there is~~ ▓▓▓▓▓▓▓ the pages 10 and 15 from my complaint in civil action number 5:17cv104-KS-MTP were handed to me on 10/20/17 with my court order that's intitled "ORDER TO REDACT AND RESTRICT INTERNET ACCESS TO COMPLAINT."

My Statement of claim states "p. 10" by me on the left top corner, but the court typed "Case 5:17-CV-00104-KS-MTP Document 1 Filed 08/11/17 Page 13 of 65" on the top of "p. 10" for my statement of claim and I ~~handed~~ recieved this page on ▓▓▓▓ 10/20/17 with my court order intitled that's "ORDER TO REDACT AND RESTRICT INTERNET ACCESS TO COMPLAINT." There's another page of my statement of claim that states "p. 15" by me in the ~~bottom~~ left top corner, but the court typed "Case 5:17-CV-00104-KS-MTP Document 1 Filed 08/11/17 page 20 of 65" on the top of "p. 15" for my statement of claim and I recieved this page on 10/20/17 with my court order intitled "ORDER TO REDACT AND RESTRICT INTERNET ACCESS TO COMPLAINT." These are the only 2 pieces of paper I recieved with my court order intitled that's "ORDER TO REDACT AND RESTRICT INTERNET ACCESS TO COMPLAINT" on 10/20/17 besides the cover page ~~of the~~ of the court order that states my full name, M.D.O.C. number, mailing address, and civil action number for my current lawsuit about my conditions of confinement.

I recieved a copy of the envelope that my court order intitled that's "ORDER TO REDACT AND RESTRICT INTERNET ACCESS TO COMPLAINT"

p. 3

I'm still in fear for my life on this protective custody unit and I'm mailing the Mississippi Innocence Project this court ordered that's titled "ORDER TO REDACT AND RESTRICT INTERNET ACCESS TO COMPLAINT" so they can help me by representing me and by representing DC so we can get our freedom by being declared innocent of our armed robbery conviction since we have an alibi to prove that we're innocent of our armed robbery conviction. I'm also informing them that I need to get out of here so I won't die in here. I'm informing them everything I informed you in this letter also.

I believe in Jesus Christ and I have learned that DC has become a muslim in prison, but I do know that he got talked into becoming a muslim because he believed in Jesus Christ his entire life like me. I know that the Holy Ghost can convict him so he asks God for forgiveness of his sins so he will not continue to be a muslim so he will become a Christian again. It can happen because it has happened before to other people. I talked to David Savinell Jr., my older brother, and he informed me that DC wrote my parents a letter last year that explained that he was trying to change his life so he was trying to become a muslim and he was sorry for the stuff he used to do when he was free. I'm informing you on this stuff because I just want you to know that I have always been a Catholic and I have always believed in Jesus Christ and I won't ever stop believing in Jesus Christ because I know He is the Father's only begotten Son and you won't get into Heaven unless you believe that He is the Father's only begotten Son because He is the messiah.

I live around a bunch of psychos still and I'm keeping faith in God so I won't get assaulted again by one of them like how I got assaulted on 10/5/17 by Baby G (his last name is Harris) (a black prisoner). I wrote about him in my lawsuit in civil action number 5:17-cv-00104-KS-MTP.

I know God is the Divine Trinity (Father, Son, and Holy Spirit). I read my Catholic study bible every week. I have never been in a gang and I'm not a paralegal. There's a prisoner on my PC pod that got stabbed 15 times and he was forced to return to our PC pod after he left the hospital. He returned to our PC pod on 10/15/17. He got stabbed by another prisoner that's on PC and that prisoner was on the other PC pod called Echo pod when he exited Echo pod to stab him in the hallway. This is the most satanic and dangerous prison I have been to while being on protective custody and I have been to every prison in Mississippi that houses PC prisoners

p. 4

I really hope that you will have me transferred off of this prison's grounds soon so I won't get robbed and assaulted again by nother prisoner. My current cellmate is Christopher Elliot and he's addicted o smoking toothpick sized spice joints. He's a psycho. He'll lie about being addicted to spice by saying he's not addicted to smoking toothpick sized spice joints although he sells his breakfast, lunch, and dinner meals for toothpick sized spice joints. He won't sell all of his three meals in one day, but he'll still sell them for toothpick sized spice joints. He also sells his clothes and commissary for toothpick sized spice joints. He doesn't take a shower everyday. He takes a shower every other day. He doesn't brush his teeth everyday and his teeth are rotting out of his mouth because he used a lot of drugs when he was free.

Every prisoner on my PC unit uses spice except for Albert Watts, George ~~Leonard~~ and me. The prisoners on my PC unit use crystal meth, spice, marijuana, prescription drugs, and rolling tobacco. I don't use drugs, rolling tobacco, cell phones, and I don't have a weapon. The PC pod I'm on holds 44 prisoners as a maximum capacity and the entire PC pod I'm housed on are all ~~~~ black prisoners except for 12 white prisoners including ~~~~ men. This entire prison is black prisoners and black employees except for 50 white prisoners and 15 white employees. This prison holds 900 prisoners. A lot of the black prisoners ~~~~ that are here ~~~~ are racist. A lot of them are psychos. There are a lot of racist black employees that work here also. I get discriminated against a lot because I have never been in a gang and because I'm on PC. I'm not racist. I hate white supremacists and I hate psycho ~~~~ prisoners like the psychopaths I live around.

I get starved in here because the ~~meals~~ meals we get served are very light. I eat everything on ~~my~~ all of my ~~trays~~. I don't like my ears popping everyday like I'm taking off in an airplane. My ears hurt everyday, my testicles hurt everyday, my eyes hurt everyday; and my the back of my head hurts everyday in the back part of it like I moved my head too fast like I pulled a muscle. I ~~have~~ have to say, in my head, "I rebuke you in the name of the LORD Jesus Christ" to get this physical pain to go away. I have to say in my head, "I rebuke you in the name of the LORD Jesus Christ" to make forced images in my head to go away. I sound delusional but I'm not crazy. I know the devil is real and I don't want to see the devil or talk to these psychopaths on my PC unit that worship the devil. Some of them have a witchcraft Bible so that means they worship Satan. Please help me get moved off of this compound?

p. 5

weapons, and cell phones remain on this pc pod. The prisoners on my pc pod make prison made knives out of the pieces of broken iron in their cell by banging on pieces of iron and sharpen pieces of broken iron in their cell every week, which is very scarey. I know the LORD is my shepherd. I know that I have a guardian angel protecting me. I'm not from the ghetto, trailer park, housing projects, or country. I grew up in a 1 story brick house in Ivy Trails in Olive Branch, mississippi. And before we moved into that house we lived in a 1 story brick house in Eastover in Olive Branch, mississippi. We lived in a 2 story house in Aurora, Illinois before we moved to Olive Branch, mississippi and we lived in the suburbs when we lived in Aurora, Illinois. We lived in the suburbs in Absecon, New Jersey and in Collings Lakes, New Jersey before we moved to Aurora, Illinois. I know I sound like I'm being mean to the psychopaths that work here and the psychopaths that are locked up here by mentioning that I ~~can~~ didn't grow up poor, but it's the truth. I lived in my parents' house when I got arrested on 12/11/08 for this armed robbery that DC and me didn't do. I lived in my parents' house on 8/28/08 when this armed robbery got committed on 8/28/08. DC lived with his parents in the suburbs of Olive Branch when this armed robbery got committed on 8/28/08 and when he got arrested on 12/11/08 for this armed robbery. DC is a black person.

I didn't mean to talk about my criminal case in my lawsuit for my current conditions of confinement in civil action number 5:17cv104-KS-MTP, but I didn't want to die in here and I couldn't get in contact with my family. I got to call David on 10/15/17 on (Saved my life, my oldest brother) the prison dayroom phone because he deposited $50 onto my prison phone account on 10/15/17 so I have been talking to him on dayroom call. I got to talk to my mom on the prison dayroom phone because she was on the way with him one time and because he went over her house. I really don't want to get assaulted by the psycho prisoners on my pc unit again. I really don't want to get robbed by the psycho prisoners on my pc unit again. Jay Bo is a black prisoner on my pc pod that has life without parole. He has mood swings and he's nuts. He talks about killing prisoners on my pc unit. He wanted to beat me up on 10/5/17 when we were forced to go onto the yard. His real name is Joshua Bunker and his M.D.O.C. number is 131293. I know God is protecting me. ~~I know~~

Please help me by having me ~~move~~ moved off of this compound. A bunch of prisoners just left this compound, but I'm

2.6

till here. I'll help the Brandon Police Department and DA of Rankin County, Mississippi in Brandon, Mississippi so Christopher Miller M.D.O.C. #109725 can't lie to the government by saying he's innocent since he informed me that he forced his nephew to suck his penis in 2004 and he didn't take the stand at his trial. Also the prosecutor couldn't get a confession out of him. I know that's pure evil and I don't like to talk or think about that stuff, but I want you to know that I'll snitch on him because that's wrong. The warden never had the maintenance crew fix the first shower stall where the missing cinder block and iron hook that was attached to the missing cinder block was located when they came onto our PC pod on 10/16/17 although I wrote him an Inmate Request Form about how I discovered that the first shower stall had a missing cinder block and the iron hook that was attached to that missing cinder block was gone on 10/12/17. I turned in that Inmate Request Form on 10/14/17. The psychopath prisoners on my PC pod make knives every week by tearing up pieces of iron and sharpen those pieces of iron in the excell every week.

My cellmate is Christopher Elliot and he stole one of the two bottles of Suave Shampoo I had in pillow case on my birthday which was 10/22/17. I turned 31 years old on 10/22/17. I only had two bottles of Suave shampoo, and 6 bars of Bob Barker prison soap plus the bar of Dial soap I'm currently using right now. I have 2 sticks of deodorant and just enough disposal triple blade razors to last me until the beginning of November. He said he stole it from me because a black homosexual that goes by the nickname CoCo on this PC pod on 10/22/17 and CoCo put his name on some garbage to the black drug dealer on this PC pod that goes by the nickname Chi-town. So Chi-town wanted his commissary on 10/22/17 from my cellmate because he didn't trust that my cellmate would pay him on time this week for the toothpick sized spice joints that he got on credit for him. My cellmate said that he would replace my Suave Shampoo bottle for his Suave Shampoo bottle that he has coming this week in his commissary order. This is the most Satanic place I have lived at in my life. I'm forced to get tortured everyday here. I'm not stupid. I know this stuff causes problems to esclade meaning when you force a normal person to live around a bunch of psychopaths that use spice and other drugs the outcome is always the same

p.7

here don't care about my wellbeing. They don't shake down this pc
pod every month so these psychopaths just carry knives on them so they
can stab someone when they're on drugs or coming off of drugs or
just because they're Satanic and psychotic. I have to say
THE LORD'S PRAYER, THE HAIL MARY PRAYER, the
APOSTLE'S CREED, PRAYER and other prayers out of my
Pocket Book of Catholic Prayers to just get some relief because of
how Satanic this pc unit really is and how Satanic these
employee's that work here are so. I can't use proper grammar
in that sentence or think straight right now because of how bad
my current conditions of confinement are right now. It will be a
miracle from God if I got moved off of this compound before I
mail you this letter. I pray to Jesus Christ so He will know
that I'm sincere in my prayers and I pray so I won't go
insane. I live around miserable peoples. I hope to God that
the Mississippi Innocence Project writes me back soon and
says "Ryan Savinell we're representing you and DC so y'all
y'all can get declared innocent of y'all's armed robbery
conviction." My testicles hurt really bad as I write this
letter right now. I know these psychopaths are going to Hell
when they die. I got to talk to my Nephews and Niece's on
my birthday by using the dayroom prison phone because David
accepted my phone calls. My Mom and my Aunt
these were the I talked to them also. They wished me a happy
31st birthday and they were holding my nephew's birthday
party also because his birthday party was on 10/17/17, but they
decided to celebrate his birthday with his friends on my
birthday which again is 10/22/17. My nephew is Max
and he turned 3 years old on 10/17/17. I'm enclosing
the redacted version of my statement of claim with this letter. I
removed the minor's name and his parent's names and replaced them with their
initials because that's what you ordered me to do in my court order that's
titled "ORDER TO REDACT AND RESTRICT INTERNET ACCESS TO
COMPLAINT."

Return Address:
Ryan Savinell MDOC #104008
Wilkinson County Correctional Facility
P.O. Box 1889
Woodville, MS 39669

P.S.
On 10/23/17 Christopher Elliot
M.D.O.C. #R6469, my cellmate decided
to move into the James Begin's
cell when I was on the prison phone
talking to David. I had to get off of
the prison phone with him to make sure that
Christopher Elliot M.D.O.C.# R6469 and nobody else
stole anything out of my personal property. Nobody stole anything
out of my personal property and Christopher Elliot M.D.O.C.# R6469
informed me that he would replace my Suave shampoo bottle he
stole from me next week when he receives his commissary

Sincerely,
Ryan
Savinell

## Mississippi Department of Corrections

*Response to Request for Assistance (ILAP)*

Date: __10/16/17__

Inmate Name __Ryan Savinell__   MDOC# __104008__   Unit __D-205__

Your request for legal assistance was received in this office on _____

COMPLETED
10/17/17

### For Inmate Legal Assistance Office Use Only

_____ 1.  Post Conviction Collateral Relief Packet sent to inmate via hand mail

_____ First Step _____ Second Step _____ Specific Case law

_____ 2.  42 U.S.C.A. 1983 form _____ Northern _____ Southern sent to inmate via hand mail

_____ 3.  28 U.S.C.A. 2254 form _____ Northern _____ Southern sent to inmate via hand mail

_____ 4.  Requested cases, statutes, etc. were sent to inmate via hand mail

_____ 5.  Notary services are scheduled for _____

_____ 6.  Attorney/Paralegal conference is scheduled for _____

_____ 7.  Legal mail will be picked up on _____ Legal mail logged out _____

_____ 8.  Legal material will be picked up for copying on _____

_____ 9.  MDOC Policy and procedure # _____ will be viewed on _____

_____ 10.  Attorney call is scheduled for _____

Supplies/Form Sent to inmate via hand mail:

_____ Pen                          _____ Transcript Information

✓ Paper                           _____ ARP Information

_____ Requested Addresses         _____ Jail time allotment

Comments: __Mail was Done on 10/16/17__

_____

_____

__Rosemary Bath__

INMATE LEGAL ASSISTANCE STAFF

20-02-01 — F2
Revision 6/01/03

p-8 p-s.

order. He informed me before we went asleep on my birthday that he was really sorry for stealing my Suave shampoo and if he didn't have a bottle of Suave Shampoo to replace my bottle of Suave shampoo that he stole when he receives his commissary order this week he'll replace it next week. I'm not depending on that to happen because I accepted it as a loss when he stole it. I informed David that he stole one of the two bottles of Suave Shampoo I had in my pillow case when we were talking on the prison phone on 10/23/17 and that's what I have to put up with in here and I really hope that I get moved off of this compound very soon. I informed him that I only have 6 bars of Bob Barker prison soap, 2 sticks of Clear deodorant a few disposable triple blade razors, and a ½ bar of Dial soap that I'm using right now. I informed him I don't like to use Bob Barker prison soap or Dial soap to wash my hair and I don't like to use Bob Barker prison soap or any prison soap to wash my body. I informed him I'm on restriction until 11/10/17 because I got a bogus RVR (Rules Violation Report) for refusing a standard drug test on 8/20/17 and the black guard didn't let me urinate in my standard drug test when I needed to urinate in it. He handed me the standard drug test and I informed him I couldn't urinate in it right then, but if he gave me 10 or 15 minutes I could urinate in it for him. He then told me if I didn't give him his standard drug test back that he'll give me 2 RVRs. I informed David that the M.O.D.C. policy states once a guard hands you a standard drug test you have 4 hours to take the standard drug test so you won't get a refused to urinate in a standard drug test RVR unless you just refuse to take it. I informed him that I would have been 5 years RVR free if I didn't get that bogus RVR on 8/20/17. I also informed him that James Bogan worships Satan because he is in a Wiccan cult. I informed him that James Bogan had an empty bed in his cell so that's why he was moving into the cell with him also.

David said, "Expect the worst and hope for the best." He said this about the Mississippi Innocence Project representing DC and me for our armed robbery conviction. He said that he was going to deposit money onto my prison phone account one week from 10/27/17 (Friday) because that's when his budget will be straighten out. I got a letter from the Mississippi Innocence Project on 10/28/17 when my pod was locked down for count time. The Director of the Mississippi Innocence Project wrote me and the following is what he wrote me: "we have completed additional review of your application for aid after you submitted supplemental information unfortunately, at this time we are still unable to offer you assistance. Again, please understand that our screening process does not mean that your case lacks merit with respect to some other legal issue or issues, only that in our opinion we do not believe that you have a claim of actual innocence that would be meritorious in court. We reached this conclusion through a thorough review of your case typically by two or three staff members reading your application, supporting documents, and case reports where applicable and available. We wish you the best in your legal endeavors." I still believe in Jesus Christ and I'm still innocent for DC's and my armed robbery conviction so I'm going to see if my paralegals in here can enlist into the Army too. I love this private attorney to represent me us. I'll enlist into the Army too. I love this country. I know some stuff just happens, but some stuff can get worked out so I can get released by being declared innocent of my armed robbery conviction. I really don't want to get extorted again, robbed again, and assaulted again on this pc unit. Will you please have me transferred to another prison's pc unit so I won't be in imminent danger of a physical injury by the prisoners on my pc unit here? I already got assaulted by Baby G. (lastname Harris) and I wrote about him in my lawsuit for my [illegible] conditions of confinement in civil action number 5:17cv104-KS-MTP.

Case: 5:17-cv-00104-KS-MTP

Ryan Anthony Savinell #104008
Wilkinson County Correctional Facility
P. O. Box 1889
Woodville, MS 39669

p.9 p-5.

I Know God makes miracles. I saw an innocent person get off death row on Dateline in 2014. He was accused of murdering his little cousin. He confessed to killing her in his interrogation. He got interrogated in Jefferson Parish, Louisiana. I'm pretty sure it was Jefferson Parish in Louisiana. I dont really just try to read any cases or statutes because that stuff is satanic. I had to borrow this scratch paper so I can write you this letter. I ran out of typing paper. I really don't want to give involved in civil rights or civil rights movements. I wish I was free for this stupid armed robbery conviction that DC and me didn't do on 8/28/08. I cant force anybody to do anything so I just look at it like that. I can pray and read my Catholic Study Bible. I can also just read magazines and books that my family will buy me off of the internet. I would like to eat commissary without getting robbed, stabbed, beat up, or extorted. I cant do that here because I got beat up by a black prisoner named Baby G, and there are prisoners like him here. I got extorted or you can say robbed by Christopher Elliot 2 times when he was my cellmate between 10/5/17 and 10/23/17. There aren't any locker boxes here and there are lockerboxes at the Southern Mississippi Correctional Institution Protective Custody unit, and Mississippi State Penitentiary Protective Custody unit so I can lock my personal property in my locker box with a master combination lock after I order a master combination lock off of the prison commissary network when I get transferred to another prison's protective custody unit so I won't be in imminent danger of a physical injury by another prisoner or prisoners like I'm in imminent danger of a physical injury by the prisoners on this protective custody unit. I dont know if there's a Red Zone Section (single man cells) on the Mississippi State Penitentiary Protective Custody unit but I do know that I would really like to get moved off of this prison's grounds soon. I'm an A Custody prisoner (minimum security custody level prisoner).

    It would be cool if I could actually go to a Red Zone cell at the Mississippi State Penitentiary because I could have my own cell. I know the Mississippi State Penitentiary is the worst prison in Mississippi besides here. I wish I could go to a non-community work center prison. I cant do that because I have a bogus RVR in my file and the warden might have threw my appeal of that RVR in the trash or the legal claims Adjudicator might have trashed it because I being innocent, also how we would take a lie detector test for the F.B.I. to prove

Case 5:17-cv-00104-KS-MTP   Document 17   Filed 10/30/17   Page 12 of 29

:t a Document - by Citation - Miss. Code Ann. § 99-39-5                    Page 6 of 27

take effect; defendant was not entitled to post-conviction relief where he had pled guilty and later received a more lenient modified sentence, and in any event, his action was time barred pursuant to Miss. Code Ann. § 99-39-5. Wallace v. State, 906 So. 2d 841 (Miss. Ct. App. 2004).

In a post-conviction action, the trial court did not err in refusing to treat defendant's motion as a Miss. R. Civ. P. 60 motion where he was merely attempting to relitigate the case. Trotter v. State, 907 So. 2d 397 (Miss. Ct. App. 2005), writ of certiorari denied by 910 So. 2d 574, 2005 Miss. LEXIS 456 (Miss. 2005), remanded by 2013 U.S. App. LEXIS 10001 (5th Cir. Miss. May 16, 2013).

Claims asserted by defendant in his appeal fell within the provisions of Miss. Code Ann. § 99-39-5(a) and (g) and should have been presented in his first post-conviction relief motion; when he filed his first motion, his probation had already been revoked. Walker v. State, 910 So. 2d 584 (Miss. Ct. App. 2005).

Defendant's argument that the indictment against him was defective was barred pursuant to Miss. Code Ann. § 99-39-5(2); defendant previously presented the argument in his motion to vacate and set aside his conviction and sentence and the circuit court judge ruled appropriately. Beene v. State, 910 So. 2d 1152 (Miss. Ct. App. 2005).

Trial and appellate courts were without jurisdiction to address defendant's motion for post-conviction relief where defendant had completed his sentence at the time he filed the motion and was no longer in custody under the conviction and sentence. Wheeler v. State, 903 So. 2d 756 (Miss. Ct. App. 2005).

Defendant maintained the circuit court's sentencing order was illegal because according to Miss. Code Ann. § 47-7-33(1), he could not be given a suspended sentence since he was a priorly convicted felon. While that was true, and his action was not time barred, he had stood mute when he was handed an illegal sentence which was more favorable than what the legal sentence would have been; thus, he was not entitled to relief in his post-conviction action. Hughery v. State, 915 So. 2d 457 (Miss. Ct. App. 2005), writ of certiorari denied by 921 So. 2d 1279, 2005 Miss. LEXIS 779 (Miss. 2005).

Trial court should have construed defendant's motion to vacate judgment as a motion for post-conviction relief and should have exercised jurisdiction over the matter. While it was true that he sought to vacate the 1999 judgment (pursuant to his guilty plea), it was clear that he was seeking relief which could have been properly brought pursuant to Mississippi's Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 et. seq., specifically pursuant to Miss. Code Ann. § 99-39-5; for example, he alleged due process violations and ineffective assistance of counsel, and in affidavits, he made allegations that counsel had promised him that his probation for a prior conviction would not be revoked upon his entering a guilty plea to the sale of cocaine in the more recent offense. Miller v. State, 910 So. 2d 56 (Miss. Ct. App. 2005).

Defendant's escape and absence for seven years before recapture so delayed the onset of appellate proceedings pertaining to his kidnapping conviction and sentencing that the State, as a matter of law, would have been prejudiced in locating witnesses and presenting evidence at a possible retrial; thus, the "fugitive dismissal" rule applied, and defendant was not entitled to an out-of-time appeal. Hires v. State, 882 So. 2d 225 (Miss. 2004).

Defendant's 1978 escape (defendant was captured in 1985) so delayed the onset of appellate proceedings pertaining to defendant's kidnapping conviction and sentencing that the State would have been prejudiced in locating witnesses and presenting evidence at a possible retrial, and therefore, the fugitive dismissal rule precluded defendant's right to an appeal; secondly, defendant's post-conviction claims pertaining to defendant's guilty plea on the charge of escape and the enhanced sentence as a habitual offender were time barred under Miss. Code Ann. § 99-39-5. Hires v. State, -- So. 2d --, 2004 Miss. LEXIS 689 (Miss. June 17, 2004).

Although defendant failed to attach any affidavits or statements of "good cause" explaining why an affidavit of facts could not be obtained, the trial court's order denying post-conviction relief stated as a basis for denying relief a position that was contrary to the law; where the State sought to revoke defendant's probation based upon an allegation of criminal activity, it had to show proof of an actual conviction, or that a crime had been committed and that it was more likely than not that the probationer had committed the offense; an arrest was insufficient. Brown v. State, 864 So. 2d 1058 (Miss. Ct. App. 2004), writ of certiorari denied by 866 So. 2d 473, 2004 Miss. LEXIS 74 (Miss. 2004).

Sentence imposed on defendant was illegal and contrary to public policy; although the statute

p. 10 p.s.

I want to inform you that David informed me on the prison phone a few days ago that he called Chris merritt's cousin (last name Gennini) on Detective Ronnie Flanigan's and Detective Sherrie Driver's audiotape recorder on 12/11/08 when he got interrogated for DC's and my armed robbery conviction at his William Sonoma warehouse security job in Memphis. I jumped to a psychotic conclusion ~~because~~ that Michelle Taylor, the Criminal Investigation Division secretary for the Olive Branch Police Department, typed out the Italian racial slur called Ginny for Chris merritt's cousins last name instead of Gennini because I wasn't able to get in contact with David for over a year and I felt physical pain in my ears, eyes, head, and testicles if I didn't jump to that psychotic ~~decision~~ conclusion. I didn't want to die plus Michelle Taylor mistyped some of the stuff that I said in my interrogation on 12/11/08 plus I never received my discovery before I got forced to plead guilty for my current armed robbery conviction then I didn't confess to anything in my interrogation on 12/11/08 so I didn't know what to think. I know God can let you die in prison.

I couldn't think straight after I refused to join William Holly's wiccan cult in March of 2012 when we were on ~~prison~~ the mississippi state penitentiary protective custody unit. He used to be on deathrow until 2009 and he was lying to everybody by saying he was a Catholic that changed his life, but in fact he was practicing witchcraft, voodoo, and divination. He talked me into doing some "meditations" while he was standing outside of my cell bars and I was locked down in my cell because I thought they were ancient Christian meditations. I was on the bottom tier and he was on the top tier so he ~~never~~ was never around me ~~so~~ unless we went to the dinning hall to eat, ~~or exercise at each~~ or if we went to the gym or yard call. I'm just happy that he wasn't around me ~~because he~~ on a regular basis because he is a homosexual and he could have tried to get me to have sex with minor force me to have sex with him or force me to give him oral sex by using witchcraft or voodoo to try to hypnotize me to do that like a rapist or straight out psychopath. He is a psychopath and he has been ~~accused~~ accussed of raping 2 prisoners pc when ~~we were~~ we were on the southern Mississippi Correctional Institution PC unit between January of 2013 and 12/20/14. He had a wiccan cult back then also and they were all homosexuals and bisexuals. I had to pray to God to get him away from me in march of 2012 since I realized exactly what he was doing. I asked God for forgiveness of my sins because William Holly deceived me like Satan by saying the meditations he got me to do were ancient Christian meditations. I always believed in Jesus Christ and I have always been a Catholic. ~~He got~~ William Holly got moved off of the mississippi state penitentiary grounds 2 days after I asked God to get him away from me and to forgive me for my sins for being deceived by him. I know that was a miracle ~~that he~~ ~~when~~ he got transferred off of the mississippi state penitentiary grounds because I didn't inform my family or any employees that worked for the mississippi state

ch. 566, § 3; Laws, 2000, ch. 569, § 12; Laws, 2009, ch. 339, § 2, eff from and after passage (approved Mar. 16, 2009.)

**NOTES:** JOINT LEGISLATIVE COMMITTEE NOTE. --Pursuant to Section 1-1-109, the Joint Legislative Committee on Compilation, Revision and Publication of Legislation corrected a reference in this section. The reference to "this chapter" was changed to "this article." The Joint Committee ratified the correction at its September 18, 2000 meeting.

EDITOR'S NOTE. --Laws of 2000, ch. 569, § 1, provides:
"SECTION 1. Sections 1 through 18 of this act may be cited as the 'Mississippi Capital Post-Conviction Counsel Act.'"
Sections 1 through 10 of Laws of 2000, ch. 569 are codified at Article 3 of Chapter 39 of this title. Sections 11 through 18 of ch. 569 contain §§ 99-19-105, 99-39-5, 99-39-23, 99-39-27, 99-15-18, 99-39-28, 99-19-106, and the repeal of § 99-19-49.

AMENDMENT NOTES. --The 2009 amendment, in (1), rewrote the introductory paragraph, added (f), and redesignated former (f) through (i) as present (g) through (j), and deleted "may file a motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal" following "remedy" at the end of (j); divided former (2) into present (2), (2)(a)(i) and (2)(b), added (2)(a)(ii), substituted "petitioner's" and "petitioner" for "prisoner's" and "prisoner" throughout (2), and made minor stylistic changes; and added (5).
The 2000 amendment added the last sentence in (2).

CROSS REFERENCES. --Applications for post-conviction collateral relief in criminal cases, see Miss. R. App. P. 22.
Preservation of biological evidence generally, see § 99-49-1.

JUDICIAL DECISIONS

🔧
I. UNDER CURRENT LAW

🔧
1. In general.

🔧
2. Evidentiary hearing

🔧
3. Guilty plea, voluntariness

🔧
4. --Explanation of rights

🔧
5. Ineffective assistance of counsel

🔧
6. --Conflict of interest

🔧
7. Newly discovered evidence

🔧
8. Claim that person other than defendant committed crime

🔧

p. 11 P.s. I couldn't remember alot stuff like I used to be able to remember stuff after I refused to join his wiccan cult in March of 2012. He is Satanic and psychotic. I wrote about this stuff in my lawsuit. I felt like I was in a vegetated state of mind (comatose but awake) between 2014 and 2016. I really couldn't remember alot of stuff between 2014 and 2016 so I thought I was like a vegetable. The only thing I could do was pray and read my Holy Bible.

Chris Merritt, Chris Merritt's cousin, David, and me are Italian. Chris Merritt's cousin's last name is Greening. This stuff sucks because now I sound very delusional to everybody because I learned how to prove that DC and me are innocent of our armed robbery conviction. I try to be a good person as much as possible. The partial initial filing fee still hasn't been taken off of my prison account by the Wilkinson County Correctional Facility for my lawsuit in civil action number 5:17CV104-KS-MTP.

I want you to know that I'm not challenging my armed robbery conviction in your court and I was only filing a lawsuit about my current conditions of confinement in civil action number 5:17CV104-KS-MTP. On 10/24/17 my pc pod went on yard call so the guards could shake down our pc pod. We were on yard call for 9 hours. I wrote Jack R Jones III, my prior public defender, for my current armed robbery conviction in cause number CR2009-0162CD, to see if he will file a "motion for Post-Conviction Collateral Relief" in the DeSoto County Circuit Court for me on my behalf so DC and me can get out of prison on newly discovered evidence because nobody knew about our alibis before we got sentenced for our current armed robbery conviction in cause number CR2009-0162CD. I let him know nobody can get in trouble if nobody knew about our alibis because that's like getting mad at somebody that said dinosaurs didn't exist when that person didn't know that there were fossils of dinosaurs discovered. I hope he helps us. I let him know my alibi's cell phone number and my mom's cell phone number. I also let Lin know that Jesus is the Messiah and He can get us out of here. Tom Horton is my step-dad and he's my alibi. I love and miss him very much. I can only inform you on what I go through in here. I pray to God because I hate the physical pain I feel in my head, ears, eyes, and testicles everyday. It goes away after I say in my head, "I rebuke you in the name of the LORD Jesus Christ." I know I sound delusional, but that's the truth.

When the guards shook down my pc pod on 10/24/17 they didn't remove the sheets off of my bed so they might have not removed the sheets off of the other prisoners' beds in their cell so that means weapons, drugs, rolling tobacco, and cell phones could still remain on my pc pod if the prisoners on my pc pod put their weapons, drugs, rolling tobacco, and cell phones inside of their mattresses that's on their rack, which means I'm still in imminent danger of a physical injury by the prisoners on my pc unit. Will you please

probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(g) That his plea was made involuntarily;

(h) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;

(i) That he is entitled to an out-of-time appeal; or

(j) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy.

(2) A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the petitioner can demonstrate either:

(a) (i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or

(ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

(3) This motion is not a substitute for, nor does it affect, any remedy incident to the proceeding in the trial court, or direct review of the conviction or sentence.

(4) Proceedings under this article shall be subject to the provisions of Section 99-19-42.

(5) For the purposes of this article:

(a) "Biological evidence" means the contents of a sexual assault examination kit and any item that contains blood, semen, hair, saliva, skin tissue, fingernail scrapings, bone, bodily fluids or other identifiable biological material that was collected as part of the criminal investigation or may reasonably be used to incriminate or exculpate any person for the offense. This definition applies whether that material is catalogued separately, such as on a slide, swab or in a test tube, or is present on other evidence, including, but not limited to, clothing, ligatures, bedding or other household material, drinking cups, cigarettes or other items;

(b) "DNA" means deoxyribonucleic acid. SOURCES: Laws, 1984, ch. 378, § 3; Laws, 1995,

p. 12 P. S.

prisoners on my PC unit? There are holes on the seams of the walls in my cell and almost every cell on this PC unit because the prisoners on this PC unit ripped holes in the seams of the walls in almost every cell so they can pass stuff through each cell and so they can hide contraband in the seams of the walls in almost every cell on this PC unit. I have cotton from an old pillow stuffed in the seams of the walls on my cell so that ants & rodents, won't come into my cell and so water won't come into my cell when it rains. My toilet sucks because it won't flush all of the way sometimes because it will fill up to the top of my toilet then overflow making the water in my toilet hit the floor of my cell. It did that today on 10/25/17 and a few days ago. This stuff didn't start to happen until 10/5/17 because on 10/5/17 the maintence crew installed a steel ~~toilet~~ toilet into my cell to replace my non-steel toilet in my cell. My toilet still leaks ~~at the~~ at the bottom sometimes still. My current conditions of confinement are illegal and my life is in danger by living here. Will you please help me by having me transferred to another prison's PC unit so I won't have to live like ~~how~~ how I'm living now? I don't want to get robbed, and assaulted again by another prisoner on my PC unit.

I know when the prisoners on my PC unit run out of drugs and commissary to buy drugs with they then start to steal and rob prisoners on my PC unit for their commissary so they can buy more drugs and I have known that for 2½ years because I have been on this PC unit for 2½ years. I knew people robbed and steal stuff when they run out of money to buy drugs when I was free because that's common knowledge so I knew if I came to a place like here that these type of people would do ~~that~~ that here if they could get away with it because they're satanic and psychotic.

I really don't like this stuff and I ~~know~~ still have to flush my toilet 2 to 5 times to get the water in my toilet to go down the pype line. I know my right to the 8th Amendment of the United States Constitution, cruel and unusual punishment, is being violated for being treated like how I'm being treated now because the 8th Amendment of the United States Constitution prohibits cruel and unusual punishment. The MTC employees that work here deliberately refused to help me ~~need~~ after I informed them that I was in fear for my life ~~to~~ be housed on this PC unit after I explained to them how my former cellmate (christopher Wildern. D.O.C. # 109725) and me got robbed on 10/26/16 for our commissary by Marcus Sims M.D.O.C. # K3804 ~~which~~ made the prisoners on this PC unit want to assault and rob my former cellmate (christopher Wildern. D.O.C. #

3d 300, 2014 Miss. LEXIS 161 (Miss. Mar. 20, 2014).

Appellant's post-conviction relief motion was properly denied on the merits because the trial court did not clearly err in finding that all of appellant's examples of alleged ineffective assistance did not meet the two-part test of Strickland; the trial court did not err in holding that any attack counsel could have made on a police officer's credibility would not have affected the outcome of the trial. Brandon v. State, 108 So. 3d 999 (Miss. Ct. App. 2013).

Denial of petitioner's, an inmate's, Motion for Leave to File Successive Petition for Post-Conviction Relief was proper, in part, because his argument that he received the ineffective assistance of counsel due to trial counsel's failure to develop and present mitigation evidence was raised in his first petition for post-conviction relief and was rejected; thus, the issue was procedurally barred under Miss. Code Ann. §§ 99-39-5(2) and 99-39-27(9). Notwithstanding the bar, the inmate's trial counsel presented evidence at the sentencing hearing of the inmate's age, his poverty-stricken upbringing, his violent and abusive father, his relationship with his three-year-old son and his academic problems; the inmate failed to show that trial counsel's failure to present further evidence caused him prejudice. Bell v. State, 66 So. 3d 90 (Miss. 2011).

Denial of petitioner's, an inmate's, Motion for Leave to File Successive Petition for Post-Conviction Relief was proper, in part, because his argument that he received ineffective assistance of counsel due to trial counsel's waiver of objection to the State's peremptory strikes of jurors under Batson was raised in the inmate's first petition for post-conviction relief and was rejected; thus, the issue was procedurally barred pursuant to Miss. Code Ann. §§ 99-39-5(2) and 99-39-27(9). Notwithstanding the bar, the inmate's trial counsel presented no evidence of prejudice to the inmate other than speculation due to the racial composition of the inmate's jury, and therefore, the issue was without merit. Bell v. State, 66 So. 3d 90 (Miss. 2011).

Denial of petitioner's, an inmate's, Motion for Leave to File Successive Petition for Post-Conviction Relief was proper, in part, because his claim that he received the ineffective assistance of counsel due to trial counsel's failure to properly investigate and present his alibi defense was raised in his first petition for post-conviction relief and was rejected; thus, the issue was procedurally barred pursuant to Miss. Code Ann. §§ 99-39-5(2) and 99-39-27(9). Further, the issue was without merit because the decision not to present evidence of an alibi was acceptable trial strategy. Bell v. State, 66 So. 3d 90 (Miss. 2011).

Prisoner did not properly supported his claim of ineffective assistance of counsel in support of his motion for postconviction relief because he was fully advised by the circuit court as to the consequences of his guilty plea and he knowingly and intelligently admitted to the charge against him, which included the possession of cocaine. Graham v. State, 85 So. 3d 860 (Miss. Ct. App. 2011), vacated by, remanded by 85 So. 3d 847, 2012 Miss. LEXIS 190 (Miss. 2012).

Defendant's petition, styled as a petition to show cause, was clearly one for post-conviction relief pursuant to Miss. Code Ann. § 99-39-5(1) where defendant alleged the denial of effective assistance of counsel because the Mississippi Legislature had failed to adequately fund the public defender's office. Wardley v. State, 37 So. 3d 1222 (Miss. Ct. App. 2010), writ of certiorari denied by 49 So. 3d 106, 2010 Miss. LEXIS 499 (Miss. 2010).

Post-conviction relief was denied where inmate provided no proof, other than his own affidavit, that his counsel rendered ineffective assistance; the inmate's only claim of prejudice was that he entered a guilty plea as a result of his counsel's conduct, but the inmate's signed plea petition stated that he was fully satisfied with the competent advice and help of his counsel, and the inmate stated under oath that he was satisfied with the services rendered by his counsel and that he had no complaints whatsoever about his representation. Phillips v. State, 25 So. 3d 404 (Miss. Ct. App. 2010).

Dismissal of an inmate's motion for post-conviction relief was affirmed because the inmate's suspended sentence was not unlawfully revoked as the inmate violated a condition of the suspended sentence, the legality of his sentence could not be attacked after the inmate violated its conditions, and counsel's performance was not ineffective as the inmate had stated he was satisfied with counsel's services, counsel obtained a lenient sentence, and the inmate did not present any evidence of prejudice. Mackey v. State, 37 So. 3d 1193 (Miss. Ct. App. 2009), reversed by 37 So. 3d 1161, 2010 Miss. LEXIS 284 (Miss. 2010).

Although defendant argued that trial counsel was ineffective for failing to request an instruction telling the jury to regard a witness's testimony as an accomplice with heightened

P. 13 p. 5.

(09725) and me which caused us to remain in our cell for 10 months by taking birdbaths unless the entire pc pod was locked down in their cell so we could take a shower. We only got to take a shower 3 times in August because Ms. Hughes, the black woman day shift guard allowed us to take a shower during count time so she would lock every prisoner on my pc pod down in their cell so we could take a shower during count time.

On 8/21/17 Christopher Wilder M.D.O.C.#109725 got transferred off of this prison's grounds and I didn't get another cellmate until 10/5/17. He I wrote about earlier how he robbed me on 10/22/17 and how I wrote about him in my last letter. I got assaulted by Baby G (last name Harris) on 10/5/17. Will you please have me transferred off of this compound? My family loves me and they care about my well being. David wanted to know if he could visit me but I can't get a visitation here because my PC Case Manager won't give me a monthly Review like every PC Case Manager in this prison system so I can't get any visitation forms to have my family members visit me. These people that work here are evil.

In December November the prison system prisoners in this prison system are allowed to have their family someone in their family to order them a Christmas package. I don't want to get robbed for my Christmas Package when my parents order me my Christmas Package in November. Will you please have me transferred to another prison's protective custody unit so I'll be out of imminent danger of a physical injury by the prisoners on my Protective custody unit here (the Wilkinson County Correctional Facility)? I can red tag my old cellmate (Christopher Elliot) when I get transferred to another prison's protective custody unit so I won't have live on the same protective custody pod with him again because he puts me in fear for my life to be on the same pod as him. I can also red tag Joshua Bunker when I get transferred to another prison's protective custody unit so I won't have to live on the same protective custody pod as him because he puts me in fear for my life to be on the same Protective custody pod as him.

Get a Document - by Citation - Miss. Code Ann. § 99-39-5

Page 15 of 27

2d 1220 (Miss. 1994).

A circuit court properly summarily denied a defendant's post-conviction relief motion to vacate his murder conviction on the ground that his guilty plea was not made knowingly and intelligently and was devoid of a factual basis, even though the defendant did not admit outright that the killing of the victim was malicious, where the defendant struck the victim twice with the butt of a gun during an altercation and continued to knock the victim down each time he pulled himself up, and there was nothing in the record to suggest that the defendant was offered any hope of reward for entering his plea of guilty or that he was coerced, threatened or intimidated into making it, but, to the contrary, the circuit court interrogated the defendant thoroughly and carefully explained to him the full gamut of constitutional protections available to him as well as the ramifications of entering a guilty plea. Lott v. State, 597 So. 2d 627 (Miss. 1992).

A defendant who pleaded guilty without an affirmative expression by the trial court informing him that by pleading guilty he waived his constitutional right against self-incrimination, was entitled to an evidentiary hearing on the issue of whether his guilty plea was involuntarily and unintelligently made. Although the defendant's petition to the court to accept his plea of guilty recited that there was "no constitutional right or reason why this court should not accept this plea and enter sentence thereon," this was not sufficient to show that he was advised or informed of his constitutional right against self-incrimination. Horton v. State, 584 So. 2d 764 (Miss. 1991).

Before a person may plead guilty to a felony, he or she must be informed of his or her rights, the nature and consequences of the act he or she contemplates, and any other relevant facts and circumstances. Thus, a defendant who was not advised of the mandatory minimum sentence for the charge to which he was pleading, and who was ignorant of the mandatory minimum sentence at the time he plead guilty, was entitled to withdraw his plea of guilty, enter a plea of not guilty and be given a trial, since the failure to advise the defendant of the minimum penalty rendered his guilty plea involuntary as a matter of law. Vittitoe v. State, 556 So. 2d 1062 (Miss. 1990).

### 5. INEFFECTIVE ASSISTANCE OF COUNSEL.

Because a postconviction relief motion following a guilty plea was untimely unless it was filed within three years after entry of the judgment of conviction, and the Uniform Post-Conviction Collateral Relief Act's procedural bars applied to postconviction-relief claims based on ineffective assistance of counsel, defendant's ineffective-assistance claim was time-barred; notwithstanding the time-bar, defendant's claims were meritless because, inter alia, he did not assert that but for his attorney's alleged misrepresentation, he would have insisted on proceeding to trial rather than enter his guilty plea; and he could not genuinely say that he did not realize that any sentence upon revocation of his probation could potentially be day-for-day. Smith v. State, 196 So. 3d 986 (Miss. Ct. App. 2015).

Defendant's allegation of ineffective assistance of counsel was without foundation because (1) defendant's grounds concerned trial strategy, which was within counsel's discretion, and counsel's choices were not unreasonable and were sound trial strategy that could only have helped defendant; and (2) defendant failed to demonstrate how any of defendant's grounds for defendant's ineffective assistance of counsel claim had a prejudicial effect. Thus, defendant failed to show that defendant was denied a fair trial. Pittman v. State, 121 So. 3d 253 (Miss. Ct. App. 2013).

Inmate's ineffective assistance claim failed as: (1) the claim was time-barred under Miss. Code Ann. § 99-39-5(2); (2) the inmate had entered a best interests plea and did not show that but for counsel's errors, he would have insisted on going to trial; (3) the inmate did not deny that he was the driver of the vehicle or that he injured the three victims; (4) with his attorney's help, he was able to enter a best interest plea to one of three aggravated assault charges, and his possible 60-year sentence under Miss. Code Ann. § 97-3-7(2)(a) was reduced to a possible 20-year sentence, of which 18 years and 10 months were post-release supervision; and (5) the inmate was ordered to serve the time he had served while awaiting sentencing, and the sentence effectively released him from prison immediately to start his post-release supervision. Sims v. State, 134 So. 3d 317 (Miss. Ct. App. 2013), affirmed by 134 So.

P.14  p.s.

I can red tag Baby G (last name Harris) when I get transferred to another prison's protective custody unit because he puts me in fear for my life to be on the same protective custody pod as him. I can red tag James Bogan when I get transferred to another prison's protective custody unit because he puts me in fear for my life to be on the same protective custody pod as him. I can red tag William Holly when I get transferred to another prison's protective custody unit because he puts me in fear for my life to be on the same protective custody pod as him. I can red tag Raymond Stilley when I get transferred to another prison's protective custody unit because he puts me in fear for my life to be on the same protective custody pod as him. He robbed my former cellmate (Christopher Wilder M.D.O.C. # (09725) on 7/28/16. I can red tag Trent aka Cane when I get transferred to another prison's protective custody unit because he puts me in fear for my life to be on the same protective custody pod as him. I can red tag the psycho black gang member on my PC pod that goes by the nickname Playboy when I get transferred to another prison's protective custody unit because he puts me in fear for my life to be on the same protective custody pod as him. I can point these prisoners out on the Corrections Investigation Division Mississippi Department of corrections computer so I can red tag them. Baby G is still on Echo pod.

I also wrote the ACLU to see if they would represent Derrick Smith Jr. and me. On 10/25/17 after 2:00 p.m. I got my RVR appeal back from the warden and he denied it. He denied it on 10/20/17, but I didn't get until 10/25/17. On 10/25/17 prison soap, razors, prison toothpaste and prison toilet paper was passed on my PC pod so now I have 7 bars of Bob Barker prison soap. I'm not trying to lie to you in this letter so I'm not trying to deceive you on this state. On 10/25/17 I got 6 books in the mail from my parents because they bought them off of Amazon.com for me. I'm not filing a lawsuit on my denied RVR appeal. I seriously doubt that the ACLU will represent Derrick and me.

should be made to ensure that the defendant's guilty plea is voluntary. While a transcript of the proceeding is essential, other offers of clear and convincing evidence which prove that the defendant entered a guilty plea voluntarily are sufficient. For example, where an evidentiary hearing has established that a defendant's guilty plea was entered voluntarily, the fact that a record was not made at the time the plea was entered will not be fatal. Wilson v. State, 577 So. 2d 394 (Miss. 1991).

A petitioner was not entitled to have his guilty pleas set aside on the grounds that they were made involuntarily and without effective assistance of counsel where the petitioner was a college graduate, prior to entering a guilty plea he had a long-standing knowledge of the charges and a notice and understanding of the severity of the potential punishment, he had the opportunity to consult with his attorney or to consult with any other attorney concerning the charges pending against him, he sought counselling and underwent therapy at a mental health center and had contact with other institutions all of which should have assisted him in intelligently weighing the consequences of the charges and of a plea of guilty, and at the time of entering his plea of guilty, he was specifically asked whether he was satisfied with his attorney's services and responded "very much so"; the petitioner apparently knowingly, willfully, freely, and voluntarily chose to abort his trial by announcing in open court that he desired to change his plea from not guilty to guilty and at that instance raised no complaint about counsel or about the judicial proceedings, and therefore his petition for post-conviction relief would be dismissed. Schmitt v. State, 560 So. 2d 148 (Miss. 1990). But see Weatherspoon v. State, 736 So. 2d 419 (Miss. Ct. App. 1999).


¶4. --EXPLANATION OF RIGHTS.

Circuit court properly denied appellant's motion for post-conviction relief based on procedural bars because appellant did not show the violation of a fundamental constitutional right; the motion was filed outside the three-year statute of limitations and was a successive writ, and the failure to inform appellant of his right against self-incrimination did not exempt his motion from procedural bars when he acknowledged that he understood he was giving up certain rights. Boyd v. State, 155 So. 3d 914 (Miss. Ct. App. 2014), writ of certiorari dismissed by 2015 Miss. LEXIS 201 (Miss. Apr. 23, 2015), writ of certiorari dismissed by 160 So. 3d 704, 2015 Miss. LEXIS 200 (Miss. Apr. 23, 2015).

Because inmate was informed by the court, prior to his guilty plea, of all the elements of the crime of robbery with a deadly weapon under § 97-3-79, and that a B.B. gun constituted a "deadly weapon," his claim on appeal that his plea was involuntary and unintelligent was without merit. Cherry v. State, 24 So. 3d 1048 (Miss. Ct. App. 2010).

In advising defendant of consequences of guilty plea, it is not sufficient for court to merely ask defendant generally if his or her constitutional rights have been explained, nor is it sufficient to simply have defendant sign printed form advising court that defendant has been sufficiently advised of his or her rights; rather, court must go further and determine in face-to-face exchange in open court that the accused knows and understands rights to which he or she is entitled. Courtney v. State, 704 So. 2d 1352 (Ct. App. 1997).

Requirement that judge inquire and determine that accused understands maximum and minimum penalties provided by law prior to accepting guilty plea means that judge must advise defendant of minimum number of years of imprisonment specified by statute pursuant to which defendant is being sentenced, if any such minimum number of years is provided; where statute specifies no minimum number of years of imprisonment, judge is not obligated to inform defendant that no minimum sentence is provided, or that minimum penalty defendant faces is "zero." Bevill v. State, 669 So. 2d 14 (Miss. 1996).

A trial court's failure to inform a defendant of the mandatory minimum sentence for the crime charged did not render the defendant's guilty plea involuntary where no misrepresentation as to the mandatory minimum sentence was made to the defendant, he did not expect to receive the mandatory minimum sentence, he did not claim that there was a misrepresentation of the sentence which he was to receive, he was fully apprised and understood the consequences of the sentence the State intended to recommend, and he did not allege that the failure to be informed of the minimum sentence induced him to enter his guilty plea. Smith v. State, 636 So.

p.10      S T A T E M E N T   O F   C L A I M

You this information in my lawsuit. I have to call home, but I can't do that unless I'm at the red zone section at the MSP PC unit so I can use the dayroom phone at that PC unit ~~because~~ b/c I can't do that at the WCCF PC unit. Please Help me. I can't write Home until I get transferred to a Red Zone Cell at the MSP PC unit (single man cell) b/c I'll then be able to order commissary to get stamps and envelopes so I can write my Family. I have over $200 on my prison Account Right Now. Derrick and me have always believed in Jesus Christ b/c our parents didn't raise us to be Satanic and psychotic unlike a lot of the prisoners in this prison system Please Help me.

Christopher wilder (my cellmate) told me he raped S.W. in 2004 on 4/3/17 So I told the DA in Rankin County, MS in June of 2017 by a letter b/c Christopher wilder told me he never took the stand at his



p. 15          STATEMENT OF CLAIM

My cellmate and me can order commissary off of the commissary network when we're at the Central Mississippi Correctional Facility Protective Custody Unit at R&C b/c my cellmate has $75 on his prisoner account and I have over $100 on my prisoner account. We can call our families when we're housed at the Central Mississippi Correctional Facility Protective Custody Unit at R&C b/c we have money on our prisoner phone account at the Central Mississippi Correctional Facility Protective Custody Unit at R&C. We can take a shower everyday instead of a birdbath when we're housed at the Central Mississippi Correctional Facility Protective Custody Unit at R&C. I can talk to the Brandon Police Department detective and the DA of Rankin County, Mississippi when my cellmate and me are housed at the Central Mississippi Correctional Facility Protective Custody Unit at R&C so I can inform them in person that Christopher Wilder MDOC# 109725 told me that he did NOT take the stand at his trial on 2/17/05 and 2/18/05 so ADA Jamie McBride and ADA Michael Guest couldn't get a confession out of him about raping his nephew S.W. in 2004 although S.W., D.W. (S.W.'s mother) and J.W. (S.W.'s father and Christopher Wilder's older brother) testified against him at his trial (J.W. was married to D.W. at the time of his trial). I'll also inform the DA of Rankin County, Mississippi and a detective from the Brandon Police Department that Christopher Wilder MDOC# 109725 told me (by confessing) that he raped S.W. in 2004 when S.W. was 5 years old so Christopher Wilder MDOC# 109725 (my cellmate) can't buck the judicial system by saying that he's innocent of molesting S.W. in 2004 and that his I.Q. and mental health record is evidence to prove that he was incapable of raping S.W. in 2004 so he can be placed in Whitfield the State Hospital on top of being "innocent" (he's guilty). My cellmate and me still have rights. Please Help us get out of imminent Danger b/c we're in Fear for our lives at this Protective Custody Unit and the rest of the PC units at SMCI and MSP.

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

RYAN ANTHONY SAVINELL, # 104008                                    **PLAINTIFF**

**VERSUS**                                                 CAUSE NO. 5:17CV104-KS-MTP

JODY BRADLEY and TRACEY
ARBUTHONOT                                                        **DEFENDANTS**

### ORDER TO REDACT AND RESTRICT INTERNET ACCESS TO COMPLAINT

This matter is before the Court *sua sponte*. *Pro se* Plaintiff Ryan Anthony Savinell

brings this action pursuant to 42 U.S.C. § 1983, complaining of the conditions of his

confinement and his conviction. The Complaint contains allegations concerning a third party's

sex crime against someone who is still a minor. In the Complaint appears the minor's name and

parents' names.

Federal Rule of Civil Procedure 5.2 provides for certain privacy protections made in

court filings. "Unless the Court orders otherwise, in [a] . . . filing with the court that contains . .

. the name of an individual known to be a minor, . . . a party . . . making the filing may include

only . . . the minor's initials." Fed. R. Civ. P. 5.2(a)(3). "For good cause, the court may by

order in a case: (1) require redaction of additional information; or (2) limit or prohibit a

nonparty's remote electronic access to a document filed with the court." Fed. R. Civ. P. 5.2(e).

Therefore, the Savinell must remove the minor's name from the Complaint and substitute

that name with the minor's initials. Since the Complaint also contains the names of the minor's

parents, the Court is of the opinion that Savinell shall likewise remove their names and replace

them with initials. Then Savinell shall file the redacted version in this Court no later than

fourteen days after the entry of this Order. The Clerk of Court shall mail pages ten, 13, and 20

of the Complaint to Savinell so that he may comply.

Furthermore, since the minor is alleged to have been sexually abused, the Court finds good cause to prohibit any nonparty's remote electronic access to the Complaint until Savinell has filed the redacted version with the Court. This prohibition is in effect at this time, in order to protect the minor's privacy and balances that privacy with the public's right of access to court filings.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the Clerk of Court shall mail pages ten, 13, and 20 of the Complaint to pro se Plaintiff Ryan Anthony Savinell. He shall remove the minor's name and parents' names from these pages and replace them the appropriate initials. Plainitff shall then file the redacted version with this Court no later than fourteen days after entry of this Order. Failure to timely comply with any order of the Court may result in the dismissal of this case.

**IT IS FURTHER ORDERED** that the Clerk is directed to prohibit any nonparty's remote electronic access to the Complaint, until further order of the Court.

**SO ORDERED AND ADJUDGED**, this the ___17th___ day of October, 2017.

           _s/Keith Starrett_____
           UNITED STATES DISTRICT JUDGE



US POSTAGE
$01.81⁹

Ryan Saunell m. D.O.C. #185008
Wilkinson County Correctional Facility
P.O. Box 1899
Woodville, Mississippi 39669

United States District Court
Clerk's office WESTERN Division
501 E. Court Street Suite 2.500
Jackson, Mississippi 39201

RECEIVED

LEGAL

LEGAL

