IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RYAN ANTHONY SAVINELL #104008                                             PLAINTIFF

VS.                                                      CIVIL ACTION NO. 5:17-cv-104-KS-MTP

JODY BRADLEY, ET AL

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

THIS MATTER IS BEFORE THE COURT on Defendants' Motion for Summary Judgment [66] and Plaintiff's Motions for Transfer [83],[84],[85] and the Report and Recommendation [87] of Magistrate Judge Michael T. Parker and Objection filed thereto [89] by Plaintiff, Ryan Anthony Savinell. The Court has considered the above documents and the record in this case and does hereby find as follows:

### I. BACKGROUND

Plaintiff, a post-conviction inmate, proceeding *pro se* and *in forma pauperis* filed a complaint in this matter on August 11, 2017 relating to events that occurred at Wilkinson County Correctional Facility (WCCF). The Court held a *Spears*[1] hearing to screen and clarify Plaintiff's claims on March 23, 2018. The claims articulated at the hearing supersede the Complaint. *See* Order [51].[2]

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

Plaintiff claims that several correctional officers at WCCF failed to protect him. On October 26, 2016, Plaintiff was allegedly robbed of his commissary items (food and personal hygiene products) by another inmate, Marcus Sims. Plaintiff testified at the hearing that he was taking a shower when Sims entered the cell. Sims threatened Plaintiff and his cellmate with a knife and prevented Plaintiff from alerting the guards. Sims also stated he would stab Plaintiff if he left his cell before the guards locked the cells down.

After the alleged robbery, Plaintiff informed the guards on the next shift of the incident but none of the commissary items were recovered. Plaintiff testified that he also informed Unit Manager Diania Walker about the robbery and other altercations he had with Sims. It is Plaintiff's position that Defendant Walker ignored his concerns and instead allowed Sims to work as an orderly. This allowed Sims to work outside of his cell most of the day and forced Plaintiff to remain inside his cell to avoid Sims.

Plaintiff then testified that he was able to "red tag" Sims in December of 2016. A "red tag" request allows an inmate to be kept separate from another inmate who may pose a threat to him or her. Sims and Plaintiff are no longer housed on the same unit, but Plaintiff still allegedly fears for his life because he is presently housed with some of Sims's friends. According to Plaintiff, this fear has forced him to remain in his cell for months at a time, and he does not leave to use the shower.

Plaintiff sent grievances through the Administrative Remedy Program (ARP) to Defendants Jody Bradley and Tracey Arbuthnot requesting to be transferred to another prison. Plaintiff was not transferred to another prison. On October 5, 2017, Plaintiff claims he was assaulted by another inmate he called "Baby-G."[3] Plaintiff alleges that Baby-G hit him on the

---

[3] In a letter to the Court, Plaintiff said Baby-G may be Demarkevez Williams. [63] at 4.

head and cut his hand using a prison-made knife. Plaintiff believes that Baby-G is friends with Marcus Sims. After the attack, the Unit Manager, Karen Brown, allegedly prevented Plaintiff from "red-tagging" Baby-G.

Defendants filed a Motion for Summary Judgment on July 2, 2018. Mot. [66]. Plaintiff responded on July 16, 2018. Resp. [70]. Defendants replied on July 29, 2018. Reply [72].

Plaintiff has also filed three Motions [83], [84], and [85] requesting a transfer to another prison. All pending Motions are now ripe for consideration.

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

Judge Parker's Report and Recommendation correctly states the summary judgment standard and goes through the issues one by one. The Plaintiff, in a very lengthy objection basically restates the facts and allegations of his Complaint. The Plaintiff is a prolific letter writer

and the Court has reviewed the letters that are part of the record as well as the objection and tried to glean from them viable constitutional issues that the Plaintiff has. In order to keep some consistency with the Report and Recommendation in this Court's Order, the Court will address the issues in the order that Judge Parker addressed them.

A. Failure to Exhaust

Even though "failure to exhaust" was clearly stated as a heading in the Report and Recommendation the Plaintiff does not in any way address the finding that he had not complied with the exhaustion requirement. Indeed, Plaintiff filed some of his grievances after he filed his Amended Complaint. Judge Parker clearly points out the failure to exhaust defense, and the Court finds that the reasoning of Judge Parker is correct and that Plaintiff has failed to exhaust his administrative remedies prior to filing the suit as mandated by 42 U.S.C. §1997e(a).

B. Failure to Protect Claims

Much of the writings (letters and objection) of Plaintiff address what he claims to be substantial risk of serious harm from other inmates and the fact that prison officials were deliberately indifferent to his need for protection. To act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, <u>and</u> he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). While the prison officials did not grant everything that Plaintiff asked them, the primary threat alleged came from an inmate named Marcus Sims. Marcus Sims was "red-tagged" after the altercation he had with Plaintiff and nothing indicates that Defendant Walker was aware of any threat from Sims prior to the robbery that Plaintiff alleges. Even under the summary judgment standard Plaintiff has not created an inference that there are any substantial facts in question and the case law cited in the Report and Recommendation clearly addresses the

pending issues. A question of fact has not been raised. Plaintiff has done nothing more than raise generalized issues and points to no specifics regarding the failure to protect claims that specifically address the defendants, Unit Manager Walker, Warden Bradley and Case Manager Arbuthnot. Even taking the evidence in the light most favorable to the Plaintiff, he has not demonstrated a failure to protect claim against Defendants Bradley and Arbuthnot.

C. Plaintiff's Motions Requesting a Transfer

The Motions to Transfer are DENIED because the Plaintiff does not have a constitutional right to determine the facility where he serves his sentence.

## IV. CONCLUSION

As required by 28 U.S.C. §636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth, the Court concludes that Savinell's Objections lack merit and should be **overruled**. The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. §636(b)(1) and that Ryan Anthony Savinell's claim is DISMISSED WITH PREJUDICE. All other pending motions are DENIED AS MOOT.

SO ORDERED this the ____1st____ day of March, 2019.

___s/Keith Starrett_____
UNITED STATES DISTRICT JUDGE